Froessel, J. (dissenting in part as to defendant Ramirez).
I would agree with the majority, except for the new rule announced in People v. Rosario (9 N Y 2d 286), which overruled our prior holding in People v. Walsh (262 N. Y. 140), reaffirmed only 18 months ago in People v. Bai (7 N Y 2d 152, 155). I cannot agree that Rosario should in effect have prospective application only, for that would be both illogical and, under Rosario, unjust.
If, as the majority said in Rosario, “ a right sense of justice entitles the defense to examine a witness’ prior statement, whether or not it varies from his testimony on the stand ” (p. 289; emphasis supplied), we are not authorized to withhold that right from defendants in pending cases coming before us, under section 542 of the Code of Criminal Procedure or otherwise.
We do not make the law—we declare the law. Having-declared the law in Rosario, overruling Walsh, defendants are now entitled to the benefit of the Rosario rule in all pending cases coming before us. (People ex rel. Rice v. Graves, 270 N. Y. 498, affg. 242 App. Div. 128.) This is so particularly in criminal cases where the change is “ ameliorative ” (People v. Oliver, 1 N Y 2d 152).
It is no answer to say that we will examine the prior statements to ascertain if there was inconsistency and prejudice, for we would then be following the Walsh rule again, which Rosario overruled as inconsistent with “ a right sense of justice ”. We cannot have two rules, one for the trial court and another for us, and yet that is precisely what the court is sanctioning*. Nor may we resort to section 542 of the Code of Criminal Procedure, since violation of the Rosario rule can hardly be called a “ technical error ”, not affecting a substantial right.
Only because I am bound by the majority decision in Rosario do I feel constrained to reverse here as to Ramirez.